1   Mark J. Hattam (California Bar No. 173667)
    mhattam@allenmatkins.com
2   Michael J. Holmes (California Bar No. 199311)
    mholmes@allenmatkins.com
3   **ALLEN MATKINS LECK GAMBLE**
    **MALLORY & NATSIS LLP**
4   501 West Broadway, 15th Floor
    San Diego, California 92101
5   Telephone:  (619) 233-1155
    Facsimile:  (619) 233-1158
6
    Chad M. Hagan (*pro hac vice* to be filed)
7   chad.hagan@hnbllc.com
    Timothy M. Frank (California Bar No. 263245)
8   timothy.frank@hnbllc.com
    **HAGAN NOLL & BOYLE, LLC**
9   Two Memorial City Plaza
    820 Gessner, Suite 940
10  Houston, Texas 77024
    Telephone:  (713) 343-0478
11  Facsimile:  (713) 758-0146
12
    Attorneys for Plaintiffs
13

14              **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
15

16  DISH NETWORK L.L.C., ECHOSTAR          Case No. **'13 CV 0109 L    WMC**
    TECHNOLOGIES L.L.C., and
17  NAGRASTAR LLC,                          **PLAINTIFFS' COMPLAINT**

18                      Plaintiffs,
         v.
19
    DANIAL PIERCE and SINCHA PIERCE,
20  individually and as trustees of the Pierce
    Family Trust, and YONG SUK YI,
21
                        Defendants.
22

23

24

25       Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC

26  (collectively, "DISH Network") bring this suit to void the fraudulent transfer of an asset by the

27  above-named defendants, and recover the asset in satisfaction of the $64.9 million judgment that

28  DISH Network recently obtained against the defendant Danial Pierce.

**PARTIES**

1.      Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business at 9601 South Meridian Blvd., Englewood, Colorado 80112.

2.      Plaintiff EchoStar Technologies L.L.C. is a Texas limited liability company with its principal place of business at 90 Inverness Circle East, Englewood, Colorado 80112.

3.      Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business at 90 Inverness Circle East, Englewood, Colorado 80112.

4.      Defendant Danial Pierce is an individual that previously resided at 1341 Napoli Street, Oceanside, California 92056. Danial Pierce moved to 4090 South Comanche Drive, Sierra Vista, Arizona 85650 in early 2012. Danial Pierce is indebted to DISH Network pursuant to the $64,980,200 final judgment entered on May 31, 2012 in *DISH Network L.L.C. et al. v. Sonicview USA, Inc. et al.*, Case No. 09-cv-1553-L(WVG) (S.D. Cal.).

5.      Defendant Sincha (aka "Sin Cha") Pierce is an individual that previously resided at 1341 Napoli Street, Oceanside, California 92056. Sincha Pierce moved to 4090 South Comanche Drive, Sierra Vista, Arizona 85650 in early 2012. Sincha Pierce is the wife of the judgment debtor Danial Pierce.

6.      Upon information and belief, Defendant Yong Suk Yi is an individual that resides at 3156 Lynscott Drive, Marina, California 93933. Yong Suk Yi is believed to be the sister of Sincha Pierce.

**JURISDICTION AND VENUE**

7.      This Court has ancillary subject matter jurisdiction over this action because DISH Network, through the fraudulent transfer claims alleged herein, is seeking to enforce the judgment previously entered by this Court in the *Sonicview* case.

8.      Defendants have resided in and regularly conducted business within the State of California, and therefore are subject to this Court's personal jurisdiction.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within this judicial district, and § 1391(b)(3) because at least one of the defendants is subject to personal jurisdiction in this judicial district.

1

**THE UNDERLYING JUDGMENT**

2       10.    Defendant Danial Pierce, and his partners Alan Phu and Roberto Sanz, established

3 a company called Sonicview USA, Inc. ("SV USA") in approximately August 2007, and started

4 conducting business operations in January 2008. SV USA was in the business of importing and

5 distributing Sonicview branded satellite television receivers and related products. Mssrs. Pierce,

6 Phu, and Sanz are equal owners in, and the controlling officers and directors of, SV USA. SV

7 USA generated approximately $23 million in revenue from the sale of its products.

8       11.    DISH Network filed the case *DISH Network L.L.C. v. Sonicview USA, Inc.*, No.

9 09-cv-1553-L(WVG) (S.D. Cal.) on July 17, 2009, claiming that the products distributed through

10 SV USA are designed for and have no practical use other than circumventing the DISH Network

11 security technology and receiving DISH Network's satellite broadcasts of copyrighted television

12 programming without authorization.

13       12.    On May 31, 2012, DISH Network's motion for summary judgment was granted in

14 the *Sonicview* case, the court having determined that Danial Pierce and his co-defendants engaged

15 in multiple violations of the Digital Millennium Copyright Act and Federal Communications Act.

16 A $64,980,200 final judgment was entered in favor of DISH Network. The final judgment

17 imposed liability, jointly and severally, against SV USA, Danial Pierce, Alan Phu, and Roberto

18 Sanz.

19       13.    Judge Lorenz determined that Danial Pierce and his co-defendants were trafficking

20 in products that are "designed and produced to circumvent [DISH Network's] security measures,"

21 and serve that "limited purpose." The court further held that Danial Pierce and his co-defendants

22 "knew or had reasons to know that the ... devices are primarily used to assist in the unauthorized

23 decryption of satellite programming." The defendants' motion for reconsideration of the adverse

24 ruling was subsequently denied.

25       14.    Danial Pierce and his co-defendants moved to stay enforcement of the judgment

26 on June 13, 2012. The stay was granted temporarily, and later vacated on July 5, 2012 because

27 the defendants failed to comply with the bond requirement imposed by the court. Once the stay

28 was lifted, DISH Network attempted to enforce the judgment by garnishing Danial Pierce's bank

1   accounts and recovered roughly $125.  DISH Network's efforts to collect from Danial Pierce's

2   co-defendants have been met with equal resistance.  The bulk of the $64,980,200 judgment

3   remains unsatisfied.

**DEFENDANTS' WRONGFUL CONDUCT**

5       15.   Sincha Pierce acquired the property located at 3156 Lynscott Drive, Marina,

6   California 93933 on or about January 28, 2009.  The deed reflects that Sincha Pierce took title to

7   the Lynscott Drive property as her separate property.

8       16.   Danial Pierce and Sincha Pierce entered a Community Property Agreement (the

9   "CPA") on June 15, 2009.  The CPA provides that "all property of any kind which is owned by

10  either or both spouses is hereby classified as Community Property."  Pursuant to the CPA, the

11  Lynscott Drive property was made the community property of Danial Pierce and Sincha Pierce.

12      17.   Sincha Pierce executed a grant deed on June 15, 2009, the same day the CPA was

13  entered, conveying the Lynscott Drive property to Danial Pierce and Sincha Pierce, as trustees of

14  the Pierce Family Trust.

15      18.   The Pierce Family Trust is a revocable living trust governed by the laws of the

16  State of California.  Danial Pierce and Sincha Pierce are the settlors, trustees, and primary

17  beneficiaries of the Pierce Family Trust.

18      19.   As a trustee of the Pierce Family Trust, Danial Pierce has "all the rights, powers,

19  and authority to deal with and manage the assets of th[e] trust that an individual owner would

20  have if there was no trust."  Danial Pierce has the power to fully revoke the Pierce Family Trust

21  with respect to any community property held by the trust.

22      20.   On or about March 29, 2011, Danial Pierce and Sincha Pierce, as trustees of the

23  Pierce Family Trust, transferred the Lynscott Drive property to Sincha Pierce and Yong Suk Yi

24  by quitclaim deed.  The deed reflects that Sincha Pierce and Yong Suk Yi took title to the

25  Lynscott Drive property as joint tenants, and that Sincha Pierce's interest in the joint tenancy is

26  her separate property.

27

28

21.     Upon information and belief, there was equity in the Lynscott Drive property at the time of the transfer to Sincha Pierce and Yong Suk Yi, as shown by the tax value of the property and the deeds of trust recorded on the property, if any, when the transfer was made.

22.     Upon information and belief, there was no or nominal consideration paid to the Pierce Family Trust or Danial Pierce for his ownership interest in the Lynscott Drive property, as indicated on the deed.

23.     Title to the Lynscott Drive property is currently in the name of Sincha Pierce and Yong Suk Yi.

## CLAIMS FOR RELIEF

### Count I – Against Defendants Danial Pierce, Sincha Pierce, and Yong Suk Yi

**Avoidance and Recovery of Actual Fraudulent Transfers**

**Pursuant to Cal. Civ. Code § 3439.04(a)(1)**

24.     DISH Network repeats and realleges the allegations in paragraphs 1-23.

25.     DISH Network was a creditor of Danial Pierce at the time the Lynscott Drive property was transferred to Sincha Pierce and Yong Suk Yi. DISH Network remains a creditor of Danial Pierce because the *Sonicview* judgment is not satisfied.

26.     The Lynscott Drive property was an asset of Danial Pierce at the time of the transfer to Sincha Pierce and Yong Suk Yi.

27.     Danial Pierce transferred the Lynscott Drive property to Sincha Pierce and Yong Suk Yi with the actual intent to hinder, delay, or defraud creditors, including DISH Network.

28.     Danial Pierce transferred the Lynscott Drive property to Sincha Pierce and Yong Suk Yi with fraud, malice, and oppression as to DISH Network.

29.     DISH Network was harmed by the transfer of the Lynscott Drive property to Sincha Pierce and Yong Suk Yi because the asset is not immediately available to satisfy the *Sonicview* judgment, and the transfer has required DISH Network to incur costs and expenses associated with the filing of this action.

30.     DISH Network is entitled under Sections 3439.07-3439.08 to avoid the transfer and recover the asset or the proceeds or value thereof in satisfaction of the *Sonicview* judgment, and to such other injunctive, provisional, and permanent relief as the circumstances may require.

**Count II – Against Defendants Danial Pierce, Sincha Pierce, and Yong Suk Yi**

**Avoidance and Recovery of Constructively Fraudulent Transfers**

**Pursuant to Cal. Civ. Code §§ 3439.04(a)(2), 3439.05**

31.     DISH Network repeats and realleges the allegations in paragraphs 1-23.

32.     DISH Network was a creditor of Danial Pierce at the time the Lynscott Drive property was transferred to Sincha Pierce and Yong Suk Yi.  DISH Network remains a creditor of Danial Pierce because the *Sonicview* judgment is not satisfied.

33.     The Lynscott Drive property was an asset of Danial Pierce at the time of the transfer to Sincha Pierce and Yong Suk Yi.

34.     Upon information and belief, Danial Pierce did not receive reasonably equivalent value for the Lynscott Drive property that was transferred to Sincha Pierce and Yong Suk Yi.

35.     Upon information and belief, at the time the asset was transferred to Sincha Pierce and Yong Suk Yi, Danial Pierce (i) was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction; (ii) intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; and/or (iii) was insolvent or became insolvent as a result of the transfer.

36.     DISH Network was harmed by Danial Pierce's transfer of the Lynscott Drive property to Sincha Pierce and Yong Suk Yi because the asset is not immediately available to satisfy the *Sonicview* judgment, and the transfer has required DISH Network to incur costs and expenses associated with the filing of this action.

37.     DISH Network is entitled under Sections 3439.07-3439.08 to avoid the transfer and recover the asset or the proceeds or value thereof in satisfaction of the *Sonicview* judgment, and to such other injunctive, provisional, and permanent relief as the circumstances may require.

**PRAYER FOR RELIEF**

WHEREFORE, DISH Network seeks judgment as follows:

       A.     An order setting aside and declaring void Danial Pierce's transfer of his interest in the Lynscott Drive property.

       B.     An award of monetary damages for the value of Danial Pierce's interest in the Lynscott Drive property.

       C.     An order imposing a constructive trust and authorizing DISH Network to levy execution on the Lynscott Drive property or the proceeds thereof.

       D.     An injunction that prohibits Danial Pierce, Sincha Pierce, Yong Suk Yi, and all persons acting or claiming to act on their behalf or under their direction or authority, from selling, transferring, encumbering, or disposing of the Lynscott Drive property or the proceeds thereof.

       E.     Punitive and exemplary damages.

       F.     Attorney's fees and costs.

       G.     Such other relief as the Court may deem proper.

Dated: January 15, 2013

Respectfully submitted,


By: s/Michael J. Holmes
Mark J. Hattam (California Bar No. 173667)
mhattam@allenmatkins.com
Michael J. Holmes (California Bar No. 199311)
mholmes@allenmatkins.com
**ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP**
501 West Broadway, 15th Floor
San Diego, California 92101
Telephone: (619) 233-1155
Facsimile: (619) 233-1158

Chad M. Hagan (*pro hac vice* to be filed)
chad.hagan@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
**HAGAN NOLL & BOYLE, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146

Attorneys for Plaintiffs DISH Network L.L.C.,
EchoStar Technologies L.L.C., and NagraStar LLC

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC

**(b)** County of Residence of First Listed Plaintiff <u>Arapahoe County, CO</u>

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mark J. Hattam (State Bar No. 173667)
Michael J. Holmes (State Bar No. 199311)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541

## DEFENDANTS

DANIAL PIERCE and SINCHA PIERCE, individually and as trustees of the Pierce Family Trust, and YONG SUK YI

County of Residence of First Listed Defendant <u>Cochise County, AZ</u>

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**'13CV0109 L     WMC**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1331 - Ancillary jurisdiction to enforce judgment in underlying federal question case
Brief description of cause:
Defendants fraudulently transferred assets of Danial Pierce, a judgment debtor to DISH Network

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE Honorable M. James Lorenz

DOCKET NUMBER 3:09cv01553

DATE
January 15, 2012

SIGNATURE OF ATTORNEY OF RECORD
s/Michael J. Holmes, Attorneys for Plaintiffs

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____