1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | ) Case No. 13-cv-109-L(WVG) |
| Plaintiffs, | ) **ORDER DISMISSING ACTION** |
| | ) **WITHOUT PREJUDICE FOR LACK** |
| v. | ) **OF SUBJECT MATTER** |
| | ) **JURISDICTION** |
| DANIAL PIERCE, *et al.*, | ) |
| Defendants. | ) |
| | ) |

19      On January 15, 2013, Plaintiffs Dish Network L.L.C., Echostar Techologies L.L.C., and

20   Nagrastar LLC commenced this action to void a fraudulent transfer of an asset by Defendants

21   Danial Pierce, Sincha Pierce, and Yong Suk Yi, and recover the asset to satisfy a $64.9 million

22   judgment against Mr. Pierce among others.  Plaintiffs file this action based on "ancillary subject

23   matter jurisdiction" because Plaintiffs seek to enforce a judgment previously entered by this

24   Court in *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L(WVG), 2012 WL

25   1965279 (S.D. Cal. May 31, 2012).  (Compl. ¶ 7.)

26      For the following reasons, the Court finds that Plaintiffs' complaint is facially deficient

27   and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter

28   jurisdiction.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978).  "Ancillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit,' but that primary lawsuit must contain an independent basis for federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (citing *Owen Equip & Erection*, 437 U.S. at 376) (citations omitted).  "The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Id.* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)).  "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id.* (citing *Kokkonen*, 511 U.S. at 380-81; *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 498-99 (1910)).  "Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.*

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).  Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux*

13cv109

1    *v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison*
2    *Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

3

4    **II.    ANALYSIS**

5    *Sonicview USA* involved claims for violations of the Digital Millennium Copyright Act
6    ("DMCA"), 17 U.S.C. § 1201, the Federal Communications Act ("FCA"), 47 U.S.C. § 605, and
7    the Electronic Communications Privacy Act, 18 U.S.C. § 2511.  In that case, the defendants
8    distributed piracy devices and software in violation of the DMCA and FCA.  *Sonicview USA*,
9    2012 WL 1965279, at *7-14.  The Court entered judgment in favor of the plaintiffs for
10   approximately $66 million.  *Id.* at *14.  The Court had jurisdiction in that case because it
11   involved a federal question.  Also, only Danial Pierce was a defendant in *Sonicview USA* among
12   Defendants in this case.

13   In this action, Plaintiffs assert only state-law claims against Defendants for Avoidance
14   and Recovery of Actual and Fraudulent Transfers under California Civil Code §§ 3439.04(a) and
15   3439.05.  The asset in question that was allegedly fraudulently transferred is located at 3156
16   Lynscott Drive, Marina, California 93933, which is not within the boundaries of the Southern
17   District of California.[1]  Plaintiffs allege that Danial Pierce and Sincha Pierce fraudulently and
18   thus wrongfully transferred this asset from the Pierce Family Trust in their capacities as trustees
19   to Sincha Pierce and Yong Suk Yi by quitclaim deed with no or nominal consideration paid.
20   (Compl. ¶¶ 15–23.)

21   Once judgment was entered in the original copyright lawsuit, the ability to resolve
22   simultaneously factually intertwined issues vanished.  *See Peacock*, 516 U.S. at 355.  And
23   neither the convenience of litigants nor considerations of judicial economy can justify the
24   extension of ancillary jurisdiction over Plaintiffs' fraudulent-transfer claim.  *See id.*
25   Furthermore, there is insufficient factual dependence between the claims raised this action and
26   the *Sonicview USA* action to justify the extension of ancillary jurisdiction.  As discussed above,

27

28   ───────────────
     [1] The Court notes that the location of the asset in question suggests there may also be a
     problem with venue.  *See* 28 U.S.C. § 1391(b).

this action exclusively involves state-law claims for the fraudulent transfer of an asset, whereas the original action involved liability under the DMCA and FCA.  The claims in these actions have no factual or logical interdependence, and under these circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them.  *See Kokkenon*, 511 U.S. at 380.

## III.  CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish subject matter jurisdiction over this action, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-matter jurisdiction.  *See Peacock*, 516 U.S. at 355-56.  If Plaintiffs can correct these deficiencies in the complaint, they may file an amended complaint by **April 8, 2013**.  *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: March 27, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

4

13cv109